| AO 10 Rev. 1/2006 | FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2005 | Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111) |

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| LOZANO, RODOLFO | U.S. DISTRICT COURT | 05/8/2006 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| DISTRICT JUDGE - ACTIVE | ☐ Nomination, Date  ☐ Initial  ☒ Annual  ☐ Final | 01/01/2005 to 12/31/2005 |
| | 5b. ☐ Amended Report | |

| 7. Chambers or Office Address | 8. On the basis of the information contained in this Report and any modifica     pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. |
|---|---|
| 5400 FEDERAL PLAZA SUITE 4300 HAMMOND, IN 46320 | Reviewing Officer_____  Date_____ |

***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of instructions.)*

☐  NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. *1 PARTNER | TRUST NO. 2851 GOUGH SPANGLER BUILDING |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of instructions.)*

☒  NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

2005 MAY 12 P 2: 11  FINANCIAL DISCLOSURE OFFICE  RECEIVED

| Name of Person Reporting | Date of Report |
|---|---|
| LOZANO, RODOLFO | 05/8/2006 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of instructions.)*

### A. Filer's Non-Investment Income

[X]  NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

[X]  NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children. See pp. 25-27 of instructions.)*

[X]  NONE *(No reportable reimbursements.)*

| | SOURCE | DESCRIPTION |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| LOZANO, RODOLFO | 05/8/2006 |

## V. GIFTS. *(Includes those to spouse and dependent children. See pp. 28-31 of instructions.)*

☐ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. Honorary Membership (Judicial Dues, like privileges) | *9 Union League Club of Chicago | $ 1620.0 |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children. See pp. 32-34 of instructions.)*

☐ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. *3 Transamerica Life Ins. Co. | Insurance Loans | L |
| 2. *2 Fifth Third Bank | Jointly & severally on note, building trust | P1 |
| 3. Chase Mastercard | Credit card balance | J |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| LOZANO, RODOLFO | 05/8/2006 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g. div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. *5 EFRON II, LTD. PARTNERSHIP, real estate | A | Rent | K | W | | | | | |
| 2. (50,000 - 1983) | | Rent | | | | | | | |
| 3. (*1) TRUST NO. 2851 (real estate partnership) | D | Rent | M | Q | | | | | |
| 4. | | | | | | | | | |
| 5. (*8) AG EDWARDS | A | Interest | K | T | | | | | |
| 6. (*10) BANK ONE a/k/a JP Morgan Chase, passbook savings | A | Interest | K | T | | | | | |
| 7. Fifth Third Bank Pass Book Savings | A | Interest | J | T | | | | | |
| 8. *3 Transamerica Insurance Co Whole Life Insurance | C | Dividend | J | T | | | | | |
| 9. *3Transamerica Insurance Co. Universal Life | A | Interest | J | T | | | | | |
| 10. *3 Transamerica Insurance Co. Universal Life | A | Interest | J | T | | | | | |
| 11. *3 Transamerica Insurance Co. Universal Life | A | Interest | J | T | | | | | |
| 12. *3 Transamerica Insurance Co. Universal Life | A | Interest | J | T | | | | | |
| 13. *11 Prudential Insurance Co. Limited Pay Policy | A | Dividend | J | T | | | | | |
| 14. *11 Prudential Insurance Co. Limited Pay Policy | A | Dividend | J | T | | | | | |
| 15. *11 Prudential Insurance Co. Limited Pay Policy | A | Dividend | J | T | | | | | |
| 16. *10 Metropolitan Life Ins Co. | A | Dividend | J | T | | | | | |
| 17. | | | | | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes (See Column C2) | P3 =$25,000,001 - $50,000,000 | R =Cost (Real Estate Only) | P4 =More than $50,000,000 | T =Cash Market | |
| | Q =Appraisal | V =Other | S =Assessment | | |
| | U =Book Value | | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| LOZANO, RODOLFO | 05/8/2006 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

*1   I have not participated in any management decisions since prior to my taking the bench. I requested that I not be involved in any management decisions while on the bench and I have been advised that a resolution was passed to this effect. I have not and will not accept any cases involving Spangler, Jennings & Dougherty. Value for building is shown as my share only. In the past, the building's value was shown as total value. Value of building is shown as appraisal at the time the loan with Fifth Third was issued. Appraisal issued 7/17/98 to Pinnacle Bank (which later became Fifth Third).

*2   Office building in Merrillville, Indiana jointly and severally listed on note together with other owners of real estate. I have not and will not accept any cases in which Spangler, Jennings & Dougherty is involved. Attorneys P. Jeffrey Schlesinger and Charles E. Stewart, Jr. have rented small office space in the Gough Spangler Building wherein I have an interest. Both of these attorneys have criminal cases in my court as CJA attorneys. I have made disclosure of this situation on all cases wherein I am presiding judge with these attorneys participating. I have received waivers from counsel and the defendants on all of these cases. I have asked the government and these two attorneys to be sure to remind me to make a record so as to make sure a case does not fall through the cracks. I did not approach, negotiate, or encourage the renting of this office space. As mentioned before, I have nothing to do with the management of this building.

*3   Life insurance policies on myself and relatives with Transamerica Insurance Company as follows:
One universal life policy with a net cash value of $2,020 (with no outstanding loans);
One whole life policy with a surrender value of $6,979, and an outstanding loan on this policy for $65,021  (Dividends of $3,437.50 applied to annual premium of $4,992.50); One universal life policy with a cash value of $1,975 (no loans) Interest received approximately 4% applied to premium; One universal life policy with a cash value of $815.06 (no loans) Interest received approximately 4% applied to premium; One universal life policy with a cash value of $795.58 (no loans) Interest received approximately 4% applied to premium.

*4   I received approximately $3,000 as a last distribution after the sale of Langelier-One Park Avenue.

*5   Efron II, limited partnership - shopping center, Ypsilanti, Michigan (valued at cost paid).

*6   I have not and will not accept any cases with Mort Efron, who is the general paratner in Efron II.

*8   A.G. Edwards. In October 2005 money from money market account used to purchase Centenial Money Mkt Tr. due 3-19-06 ($726.51) and Discover Bank Greenwood DE CTF Dep. FDIC due 4-27-06 ($24,000).

*9   For the past 6 or 7 years I have had a judicial membership with the Union League Club of Chicago. Ninety-nine percent of my use of membership occurs for room and board while sitting by designation as a district judge in the Northern District of Illinois. I pay $60 per month in dues. Regular dues for out of state guests is $195 per month. I have not made use of the Union League facilities for approximately 4-5 years.

*10   Through oversight, I have not reported a paid up $1,000 life insurance policy that was purchsed by my father when I was an infant. I thought the policy was still owned by my dad, who passed in 1953, or my mom, who passed in 1997. I receieved a dividend last year for $14.36 and found ownership had been passed to me. This policy was issued through Metropolitan Life Insurance Company. I do not recall presiding over cases with this insurance company as as a party. To the best of my recollection, past dividends were less than this year's dividend amount.

*11   Limited pay life insurance policies on myself and relatives with Prudential Insurance.
One limited pay policy with a cash value of $2,027 (with no loans) Dividends of $83.30 applied to premium of $102.80;
One limited pay policy with a cash value of $1,827 (with no loans) Dividends of $80.80 applied to premium of $103.40;
One limited pay policy with a cash value of $3,778 (with no loan) Dividends of $184.60 applied to premium of $194.60.

| Name of Person Reporting | Date of Report |
|---|---|
| LOZANO, RODOLFO | 05/8/2006 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature _____     Date_____ 5/8/06

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

---

### FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544